IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| COMMISSION FOR LAWYER DISCIPLINE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-08-0569 |
| | § | |
| GEORGE R. NEELY, | § | |
| | § | |
| Defendant. | § | |

## MOTION TO REMAND AND BRIEF IN SUPPORT AND MOTION FOR COSTS AND ATTORNEYS' FEES UNDER 28 U.S.C. § 1447(c)

Plaintiff the Commission for Lawyer Discipline (the "CLD") files this Motion to Remand and Motion for Costs and Attorneys' Fees under 28 U.S.C. § 1447(c) and respectfully requests that this Court summarily remand this Action and grant Plaintiff an award of costs and fees incurred in responding to the improper removal.

## PRELIMINARY STATEMENT

Defendant George R. Neely ("Neely") purports to remove this Action on the basis of a federal question raised in his own pleading. Neely cannot remove on the basis of his own pleading. Moreover, even if it were possible for a defendant to remove on the basis of his own pleading, Neely purports to raise a federal question in his First Amended Original Answer filed in the state court on *June 18, 2004.* Even if possible, the attempt to remove more than three years later is untimely.

## BACKGROUND

The CLD initiated this disciplinary action against Neely in state court on November 17, 2003, by filing an Original Disciplinary Petition in the 164th Judicial District Court of Harris County Texas, captioned *Commission for Lawyer Discipline v. Neely*, Case No. 2003-63182

(164th Dist. Ct., Harris County, Tex.) (the "Disciplinary Action").  Neely filed a First Amended Original Answer (the "Amended Answer") on June 18, 2004.[1]  In his Amended Answer, Neely asserts that the CLD "violated Respondents constitutional rights to due process and his rights of privacy under the Right to Financial Privacy Act, 12 U.S.C. § 3401, et seq, by improperly obtaining Respondents bank records."  (Bersch Decl. Ex. 1, ¶ 2.2.)

The CLD filed a Motion for Partial Summary Judgment and its First Amended Disciplinary Petition (the "Amended Petition") in the Disciplinary Action on August 20, 2007. (*See* Bersch Decl. Exs. 2, 3.)  Through its Amended Petition, the CLD eliminated certain claims against Neely.  The Amended Petition does not raise any claims arising under federal law or the United States Constitution.

The district court heard the CLD's motion for summary judgment on September 10, 2007. Neely filed a Motion to Suppress and to Exclude and to Dismiss in the Disciplinary Action on October 9, 2007 (*see* Bersch Decl. Ex. 4), and the CLD filed a Supplement to Petitioner's Response to Respondent's Motion for Sanctions to Exclude Documents on October 15, 2007. (*See* Bersch Decl. Ex. 5.)  During a hearing on October 17, 2007, Judge Robison announced that he would grant the CLD's motion.  (*See* Bersch Decl. Ex. 6.)

Neely filed a Motion to Recuse the judge in the Disciplinary Action on December 18, 2007.  (*See* Bersch Decl. Ex. 7.)  Judge Lori Massey was appointed to the Disciplinary Action for the purpose of addressing the Motion to Recuse.  (*See* Bersch Decl. ¶ 8.)

On December 26, 2007, Neely filed an original action, styled *Neely v. State Bar of Texas*, Case No. H-07-4517 (S.D. Tex.), in the United States District Court for the Southern District of

---

[1]    A copy of Neely's Amended Answer is attached as Exhibit 1 to the Declaration of Timothy Bersch (the "Bersch Decl."), Assistant Disciplinary Counsel with the SBOT, attached hereto and incorporated herein as Exhibit A.

Texas, (the "First Federal Action"), asserting the same constitutional claims asserted in defense of the Disciplinary Action. (Bersch Decl. Ex. 8.) The defendants in that action, including the CLD, filed a Motion to Dismiss on January 22, 2008, asserting, among other things, that the Court should dismiss under the *Younger* abstention doctrine.[2] (Bersch Decl. Ex. 9.)

Neely first attempted to remove the Disciplinary Action on February 20, 2008. This Court struck the removal for noncompliance with Local Rule 81. Neely then filed an Amended Notice of Removal (the "Amended Notice") on February 28, 2008, under the same cause number issued to the first removal action that was struck by the court. A telephonic hearing had been scheduled in the Disciplinary Action for February 28, 2008. Neely having announced the second attempt at removal, Judge Massey stated that she would not be able to hear or act on any pending motions because the removal divested the state court of jurisdiction. (Bersch Decl. ¶ 8.)

Now, in his Response to the Motion to Dismiss filed in the First Federal Action on January 29, 2008, Neely argues that *Younger* abstention is not appropriate because there is no pending state court action, *i.e.*, because he removed the Disciplinary Action. (Bersch Decl. Ex. 10, at 3.) The removal is patently frivolous and is a bad faith attempt to interfere with the orderly resolution of the Disciplinary Action. This Court should summarily remand this Disciplinary Action and enter an order awarding the CLD attorneys' fees.

---

[2]     The United States Supreme Court in *Younger v. Harris*, 401 U.S. 37 (1971), recognized the "longstanding public policy against federal court interference with state court proceedings," *id.* at 43-44, holding that the alleged unconstitutionality of a statute "does not in itself justify an injunction against good-faith attempts to enforce it" in a state court. *Id.* at 54. The Motion to Dismiss further argued that the Fifth Circuit has recognized that the "state has an obvious and compelling interest in regulating the practice of law and controlling unethical activities by the practitioners admitted to its bar." *Hensler v. Dist. Four Grievance Comm. of State Bar of Texas*, 790 F.2d 390, 392 (5th Cir. 1986). Accordingly, the *Hensler* court affirmed the dismissal of an action brought to enjoin a grievance committee investigation, under the *Younger* abstention doctrine. *Id.* at 391-92; *see also Wightman v. Texas Supreme Court*, 84 F.3d 188, 189-91 (5th Cir. 1996).

## ARGUMENT AND AUTHORITIES

**I.     Neely's Removal Based Upon the Federal Question Raised in His Answer Is Improper.**

Neely's attempt to remove the Disciplinary Action on the basis of his Amended Answer is improper and no more than an attempt to avoid an adverse ruling in the Disciplinary Action and to avoid *Younger* abstention in the First Federal Action.   Although not stated in the Amended Notice, Neely apparently purports to remove the Disciplinary Action pursuant to 28 U.S.C. § 1441.[3]   A defendant may remove a civil action brought in state court "of which the district courts of the United States have original jurisdiction."  28 U.S.C. § 1441(a).  "Federal district courts have original jurisdiction over 'all civil actions *arising under* the Constitution, laws, or treaties of the United States.'"  *Grievance Administrator v. Fieger*, 409 F. Supp. 2d 858, 865 (E.D. Mich. 2005) (emphasis added) (quoting 28 U.S.C. § 1331).  *See also Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988) ("Section 1331 executes Article III, § 2, of the Constitution, which grants the federal courts the power to hear cases 'arising under' the Constitution and federal statutes.").

"The removal statutes are to be construed strictly against removal and in favor of remand."  *Tovar v. Kaplan Higher Educ. Corp.*, 481 F. Supp. 2d 751, 754 (W.D. Tex. 2007).  A federal court shall remand an action to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction."  28 U.S.C. § 1447(c).  The removing party bears the burden of establishing federal court jurisdiction in responding to a

---

[3]     Neely does not cite the statutory authority upon which he purports to remove.  However, he quotes a passage from *England v. Louisiana State Board of Medical Examiners*, 375 U.S. 411, 422 n.13 (1964), that refers to removal under 28 U.S.C. § 1441(b).  *England* addresses the *Pullman* abstention doctrine – federal court abstention when state law clarification of uncertain state law may avoid a federal constitutional ruling – and not the propriety of removal.  The Court in *England* mentions removal jurisdiction only to note a method for invoking the federal court's jurisdiction.  *England* offers no support for Neely's removal.

4

motion to remand.  *See Frank v. Bear Stearns & Co.*, 128 F.3d 919, 921-22 (5th Cir. 1997).  *See also Tovar*, 481 F. Supp. 2d at 754 ("Where the jurisdiction of the court is challenged, the burden is on the party seeking to preserve the district court's removal jurisdiction."); *Fieger*, 409 F. Supp. 2d at 860 ("[T]he party opposing a remand bears the burden of establishing federal jurisdiction.").

Courts apply the "well-pleaded complaint" rule to determine whether an action "arises under" federal law for removal purposes.  *See Tovar*, 481 F. Supp. 2d at 754; *see also Fieger*, 409 F. Supp. 2d at 863.  Accordingly, removal jurisdiction under 28 U.S.C. § 1441 must rest upon the plaintiff's complaint at the time of removal.  *See Metro Ford Truck Sales, Inc. v. Ford Motor Co.*, 145 F.3d 320, 326-27 (5th Cir. 1998).  *See also Frank*, 128 F.3d at 922 ("Under the 'well-pleaded complaint' rule . . . a movant may not remove a case to federal court unless the plaintiff's complaint establishes that the cause of action arises under federal law.") (citing *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1 (1983)).

"Federal question jurisdiction under section 1331 extends to cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Frank*, 128 F.3d at 922.  Thus, a case "arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution." *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908).

The Disciplinary Action does not arise under the Constitution or federal law, nor does the relief sought by the CLD depend on the resolution of a substantial question of federal law.  Neely's own Amended Notice of Removal fails to point to anything in the Amended Petition that establishes that the Disciplinary Action arises under federal law.  Instead, Neely relies solely on

his allegation, raised in his Amended Answer, that the CLD violated his constitutional rights by allegedly obtaining his bank records improperly.  (*See* Amended Notice of Removal ¶ 1.2.)

A federal question raised as a matter of defense or counterclaim does not support removal jurisdiction.  *See Metro Ford*, 145 F.3d at 326-27; *see also Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831-32 (2002) (confirming, in a discussion of "arising under" jurisdiction, that a defendant cannot "remove a case brought in state court under state law, thereby defeating a plaintiff's choice of forum, simply by raising a federal counterclaim," and declining to "transform the longstanding well-pleaded-complaint rule into the 'well-pleaded-compliant-*or-counterclaim* rule'"); *Fieger*, 409 F. Supp. 2d at 863-64 (considering removal under 28 U.S.C. § 1443 and stating that "a state court action may be removed to a federal district court only if federal jurisdiction is evident on the face of the plaintiff's well-pleaded complaint").

The Fifth Circuit has explained the well-pleaded complaint rule as follows:

> Th[e] rule requires the court to determine federal jurisdiction from only those allegations necessary to state a claim or, stated alternatively, a federal court *does not have jurisdiction over a state law claim because of a defense that raises a federal issue*, even if the plaintiff anticipates and pleads the federal issue in his complaint.

*Willy*, 855 F.2d at 1165 (emphasis added).  *Accord Mottley*, 211 U.S. at 152 ("It is not enough that the plaintiff alleges some anticipated defense to his cause of action, and asserts that the defense is invalidated by some provision of the Constitution of the United States.").

The court in *Fieger* recognized the danger in allowing a defendant to remove on the basis of matters arising in connection with the defense of an action:

> [T]he Court observes that, if it were to credit Respondent's argument, once a party had engaged in some conduct implicating protection of civil rights, any subsequent litigation-regardless of the nature-could be removed under the civil rights removal statute.  That in no way meets the narrow criteria articulated by the Supreme Court.

*Fieger*, 409 F. Supp. 2d at 864.  In granting the petitioner's motion for remand, the *Fieger* court concluded:

> The Formal Complaint in this case alleges professional misconduct in violation of the Michigan Rules of Professional Conduct.  It is Respondent who brings a constitutional defense into play.  The law is well settled:  A federal defense provides no basis for removal.

*Id.* at 866.

Applying the well-pleaded complaint rule, it is indisputable that the Disciplinary Action does not arise under federal law.  Accordingly, this action should be remanded to state court pursuant to 28 U.S.C. § 1447(c).[4]

## II.     The CLD Is Entitled to Costs and Attorneys' Fees Pursuant to 28 U.S.C. § 1447(c).

An order of remand "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).  The CLD respectfully requests that the Court include in the order of remand an award to the CLD of just costs, including attorneys' fees, incurred as a result of Neely's improper removal.

The Supreme Court explained the standard for such an award in *Martin v. Franklin Capital Corp.*, 546 U.S. 132 (2005).  In *Martin*, the Court held an award of costs (including attorneys' fees) is appropriate "where the removing party lacked an objectively reasonable basis for seeking removal."  *Id.* at 141.  As demonstrated above, that standard is easily met here.[5]

---

[4]      Even if a defendant's own pleading raising a federal question could entitle him to removal, which clearly is not the case, Neely was required to remove by July 18, 2004.  *See* 28 U.S.C. § 1446(b) (30 day removal period).

[5]      Had Neely simply consulted Charles Alan Wright et al., *Federal Practice and Procedure* (3d ed.), the leading treatise on federal courts, he would have found the following:

> [T]he long-standing well-pleaded complaint rule applies equally to removal and original subject matter jurisdiction situations.  Under this rule, as set forth in countless federal decisions, the federal question must be presented on the face of

Neely simply cannot properly remove under 28 U.S.C. § 1441 on the basis of a federal question raised in *his answer.*  Accordingly, legal grounds for removal are patently lacking.  *Cf. Park Nat'l Bank v. Kaminetzky*, 976 F. Supp. 571, 573 & n.1 (S.D. Tex. 1996) ("legal grounds for removal were patently lacking" when "the removal essentially was based on Defendants' intention to assert a defense involving federal claims").

The CLD respectfully requests that reasonable costs and attorneys' fees for this motion to remand is $2,000, assuming no additional matters arise in connection with the motion. [6] Although the undersigned represent the CLD on a *pro bono* basis, attorneys' fees are nonetheless appropriate.  *See Miller v. Amusement Enters., Inc.*, 426 F.2d 534, 538 (5th Cir. 1970) ("What is required [to recover attorneys' fees under Title II of the Civil Rights Act] is not an obligation to pay attorney fees.  Rather what - and all - that is required is the existence of a relationship of attorney and client, a status which exists wholly independently of compensation . . . .") (footnote omitted); *Dean v. Gladney*, 451 F. Supp. 1313, 1322-24 (S.D. Tex. 1978) (awarding attorneys' fees under 42 U.S.C. § 1988 for counsel that had accepted case on a *pro bono* basis), *aff'd in part, rev'd in part on other grounds*, 621 F.2d 1331 (5th Cir. 1980); *accord Brown v. Comm'n for Lawyer Discipline*, 980 S.W.2d 675, 683-84 (Tex. App.—San Antonio 1998, no pet.).

---

the plaintiff's complaint . . . as it stands at the time the notice of removal is filed . . . .  The federal claim or right that provides the predicate for removal to federal court must not be asserted as part of an issue that is merely collateral or incidental to a claim that is primarily based in state law, *nor can the federal question appear for the first time in the defendant's answer by way of defense, nor is it sufficient for the federal question to enter the case as a counterclaim asserted by the defendant*.

14B Charles Alan Wright et al., *Federal Practice and Procedure* § 3722, at 402-14 (3d ed. 1998) (emphasis added; footnotes omitted).  The text emphasized here is accompanied by eight pages of citations in support of the propositions.  *See id.* at 407-14 nn.20-21.

[6]     Attached to this Motion as Exhibit B is the Declaration of Kelley M. Keller in Support of Motion for Costs and Attorneys' Fees Under 28 U.S.C. § 1447(c).

## CONCLUSION

Defendant's attempt to remove the Disciplinary Action is patently improper and should be summarily rejected and the case remanded to state court.  As grounds for removal were patently lacking, the CLD further requests an award of costs and attorneys' fees under 28 U.S.C. § 1447(c).

A proposed order is attached.

Dated:  March 13, 2008.

Respectfully submitted,

 /s/ Charles W. Schwartz
Charles W. Schwartz
State Bar No. 17861300
SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
1000 Louisiana, Suite 6800
Houston, TX 77002
Telephone No.: 713-655-5160
Facsimile No.:  888-329-2286

OF COUNSEL:

Kelley M. Keller
State Bar No. 11198240
SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
1000 Louisiana, Suite 6800
Houston, TX 77002
Telephone No.: 713-655-5155
Facsimile No.:  888-329-2116

**ATTORNEYS FOR PLAINTIFF**
**COMMISSION FOR LAWYER DISCIPLINE**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 13, 2008, I electronically filed the foregoing document with the Clerk of Court for the U.S. District Court, Southern District of Texas, using the electronic case filing system of the Court.  The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.  All others were served a copy via U.S. mail postage prepaid:

George R. Neely        *by facsimile*
540 Heights Boulevard
Houston, TX 77007
*-- and --*
1925 FM 723
Rosenberg, TX 77471


*/s/ Charles W. Schwartz*
Charles W. Schwartz


## <u>CERTIFICATE OF CONFERENCE</u>

On March 13, 2008, the undersigned left a message for George R. Neely to obtain his consent or opposition to Motion to Remand and Brief in Support and Motion for Costs and Attorneys' Fees under 28 U.S.C. § 1447(C).  As of the filing of this Motion, Neely has not responded.

 */s/ Charles W. Schwartz*
Charles W. Schwartz