# Exhibit A

COMMISSION FOR LAWYER § 
DISCIPLINE, §
 §
          Plaintiff, §     **CIVIL ACTION NO.: H-08-0569**
 §
v. §
 §
GEORGE R. NEELY, §
 §
          Defendant. §

## DECLARATION OF TIMOTHY BERSCH

    I, **TIMOTHY BERSCH,** Assistant Disciplinary Counsel, State Bar of Texas,

hereby state as follows:

1.    I am an Assistant Disciplinary Counsel with the State Bar of Texas and am authorized to make this affidavit on behalf of the Commission for Lawyer Discipline. The information contained herein is true and correct and is based on my personal knowledge obtained through the course of my employment with the State Bar of Texas.

2.    Attached hereto as <u>Exhibit 1</u> is a true and correct copy of Neely's First Amended Original Answer, filed in Cause No. 2003-63182, styled *Commission for Lawyer Discipline v. George R. Neely*, in the 164th Judicial District Court, Harris County, Texas (the "<u>Disciplinary Action</u>") on June 18, 2004.

3.    Attached hereto as <u>Exhibit 2</u> is a true and correct copy, without exhibits, of Petitioner's Motion for Partial Summary Judgment, filed in the Disciplinary Action on August 20, 2007.

4.    Attached hereto as <u>Exhibit 3</u> is a true and correct copy of Petitioner's First Amended Disciplinary Petition filed in the Disciplinary Action.

5.    Attached hereto as <u>Exhibit 4</u> is a true and correct copy, without exhibits, of Respondent's Motion to Suppress and to Exclude and to Dismiss, filed in the Disciplinary Action on October 9, 2007.

6.    Attached hereto as <u>Exhibit 5</u> is a true and correct copy of Petitioner's Supplement to Petitioner's Response to Respondent's Motion for Sanctions to Exclude Documents, filed in the Disciplinary Action on October 15, 2007.

7.     Attached hereto as Exhibit 6 is a copy of the docket sheet in the Disciplinary Action as submitted to the Court by Neely on his removal of this action.

8.     Attached hereto as Exhibit 7 is a true and correct copy, without exhibits, of Neely's Motion to Recuse, filed in the Disciplinary Action on December 18, 2007. Judge Lori Massey was appointed in the Disciplinary Action for the purpose of hearing and ruling upon the Motion to Recuse. Judge David Peeples was originally appointed for this purpose, but replaced after Neely objected to Judge Peeples. A telephonic hearing had been scheduled for February 28, 2008. Neely having announced the second attempt at removal, Judge Massey stated that she would not be able to hear or act upon any pending motions because the removal divested the state court of jurisdiction.

9.     Attached hereto as Exhibit 8 is a true and correct copy, without exhibits, of Neely's Original Complaint and Application for Injunctive Relief, filed December 26, 2007, under case number H-07-4517, in the United States District Court for the Southern District of Texas, Houston Division.

10.     Attached hereto as Exhibit 9 is a true and correct copy, without exhibits, of the State Bar Defendants' Motion to Dismiss, filed in case number H-07-4517, on January 22, 2008.

11.     Attached hereto as Exhibit 10 is a true and correct copy, without exhibits, of Neely's Response to the State Bar Defendants' Motion to Dismiss, filed in case number H-07-4517, on February 29, 2008.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, information and belief.


_____
Timothy Bersch

# Exhibit 1

## NO. 2003-63182

| | | |
|---|---|---|
| COMMISSION FOR LAWYER | § | IN THE DISTRICT COURT OF |
| DISCIPLINE, | § | |
|     Petitioner, | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| | § | |
| GEORGE R. NEELY, | § | 164TH JUDICIAL DISTRICT |
|     Respondent. | § | |

## RESPONDENT'S FIRST AMENDED ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, GEORGE R. NEELY, Respondent in the above entitled and numbered cause, and files this his First Amended Original Answer to the lawsuit filed against him by Petitioner, COMMISSION FOR LAWYER DISCIPLINE, and in opposition thereto would show the Court and Jury as follows:

I.

1.1 Subject to such stipulations as may hereafter be made, Respondent asserts a general denial as is authorized by Rule 92 of the Texas Rules of Civil Procedure, and respectfully requests that Petitioner be required to prove its charges and allegations against Respondent by a preponderance of the evidence, as is required by the Constitution and laws of the State of Texas.

II.

2.1 Pleading further and subject to the foregoing and without waiving the same, Respondent alleges that Petitioner and the State Bar of Texas are estopped to prosecute this matter as it contravenes a mediated settlement agreement with Virginia Ploch and Michael Ploch whereby they agreed not to prosecute their grievances. See Exhibit "A"

1

hereto. Petitioner and The State Bar of Texas are in possession of and are using

documents for the prosecution hereof stolen from Respondent's office and have refused

to return same to Respondent, all in violation of his Constitutional rights. See Exhibit "B"

hereto.

2.2    Further, Petitioner violated Respondents constitutional rights to due process

and his rights of privacy under the Right to Financial Privacy Act, 12 U.S.C. §3401, et seq,

by improperly obtaining Respondents bank records.

2.3    Further, the allegations that Respondent violated Rules 1.14(a), 1.04(d) and

1.15(d), as well as the Rules themselves, are vague and do not put Respondent on notice

such that same can be enforced against him since the Rules in question are vague, and

are unconstitutional, as to the alleged conduct of Respondent, are void for vagueness and

violate Respondent rights to be fairly informed of the alleged rules he violated.

WHEREFORE, PREMISES CONSIDERED, Respondent, George R. Neely,

requests that he be released, discharged and acquitted of the charges filed against him,

that Petitioner, take nothing by reason of this suit, and for such other and further relief to

which Respondent may be justly entitled.

Respectfully submitted,

GEORGE R. NEELY
State Bar No. 14861750
4503 Montrose
Houston, Texas 77006
(713) 521-9666 - Telephone
(713) 522-9669 - Telecopier
ATTORNEY IN CHARGE

2

Waverly R. Nolley
State Bar No. 15067420
501 Heights Boulevard
Houston, Texas 77007
(713) 880-2255 - Telephone
(713) 880-0415 - Telecopier

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the above and foregoing instrument has been served to the Petitioners by certified mail, return receipt requested, or by facsimile on this the ___18th___ day of June, 2004.

GEORGE R. NEELY

3

# Exhibit 2

| | | |
|---|---|---|
| COMMISSION FOR LAWYER DISCIPLINE, | § | IN THE DISTRICT COURT OF |
| Petitioner, | § | |
| | § | |
| vs. | § | HARRIS COUNTY, TEXAS |
| | § | |
| GEORGE R. NEELY, | § | |
| Respondent. | § | 164th JUDICIAL DISTRICT |

## PETITIONER'S MOTION FOR PARTIAL SUMMARY JUDGMENT

### TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Petitioner, the COMMISSION FOR LAWYER DISCIPLINE (hereinafter referred to as "Petitioner"), a committee of the STATE BAR OF TEXAS, and files this its Motion for Partial Summary Judgment ("Motion"), and in support thereof would respectfully show unto this Court the following:

## I. INTRODUCTION

This is a disciplinary action that is based on Respondent George R. Neely's use of his IOLTA trust account. This Motion is filed pursuant to Rule 166a(c) of the TEXAS RULES OF CIVIL PROCEDURE because there is no genuine issue of material fact regarding Respondent's violation of Rule 1.14(a) of the TEXAS DISCIPLINARY RULES OF PROFESSIONAL CONDUCT.

## II. SUMMARY JUDGMENT EVIDENCE

This motion is based on the following evidence:

Exhibit A      Excerpts from the transcript of the July 19, 2007 deposition of Respondent.

Exhibit B      Checks given to Respondent's secretary Virginia Ploch by Respondent (attached to Respondent's deposition transcript as Exhibit 10).

Exhibit C    January 10, 2002 monthly statement and attached documents pertaining to Respondent's IOLTA trust account (attached to Respondent's deposition transcript as Exhibit 15).

Exhibit D    February 11, 2002 monthly statement and attached documents pertaining to Respondent's IOLTA trust account (attached to Respondent's deposition transcript as Exhibit 16).

Exhibit E    Affidavit of Tom Prude, with attached spreadsheet (attached to Respondent's deposition transcript as Exhibit 13).

Exhibit F    Petitioner's January 12, 2004 First Request for Production to Respondent.

Exhibit G    April 19, 2007 Order on Petitioner's Motion to Compel (attached to Respondent's deposition transcript as Exhibit 1).

Exhibit H    Respondent's June 19, 2007 Supplemental Response to Petitioner's First Request for Interrogatories (attached to Respondent's deposition transcript as Exhibit 2).

## III. <u>ARGUMENT AND AUTHORITIES</u>

**A.    Respondent failed to keep his funds separate from his clients' funds.**

Rule 1.14(a) of the TEXAS DISCIPLINARY RULES OF PROFESSIONAL CONDUCT provides, in pertinent part, as follows:

> (a) A lawyer shall hold funds and other property belonging in whole or in part to clients or third persons that are in a lawyer's possession in connection with a representation **separate from the lawyer's own property**.  Such funds shall be kept in a **separate account**, designated as a "trust" or "escrow" account, maintained in the state where the lawyer's office is situated, or elsewhere with the consent of the client or third person. . . .

(Emphasis added.)

It is clear from Respondent's deposition testimony that he did not comply with this aspect of Rule 1.14(a) during the 2001-02 time period.  In 2001-2002, Respondent's only trust account

was his IOLTA account, account number 490004634 in Frost National Bank. Exhibit A at 13/1-14/7, 91/23-92/24. At various places in his deposition, Respondent candidly discussed his practice of keeping his own money in that account and spending it for various purposes:

- To pay his personal taxes. Exhibit A at 134/25-136/12.

- To pay his secretary, Virginia Ploch, for salary, expense reimbursement, and bonuses. Exhibit A at 138/5-139/5, 144/7-145/18, 147/6-147/20, 162/16-163/3; Exhibit B.

- To buy food from Whole Foods Market. Exhibit A at 182/6-183/17, 191/17-192/4; Exhibit C; Exhibit D.

- To pay utility bills. Exhibit A at 185/12-17, 191/9-16; Exhibit C; Exhibit D.

- To make a purchase at Babies "R" Us. Exhibit A at 185/186/3; Exhibit C.

- To buy air conditioning filters. Exhibit A at 186/4-13; Exhibit C.

- To pay property taxes. Exhibit A at 186/23-187/13, 189/13-21; Exhibit D.

- To make charitable contributions. Exhibit A at 189/22-190/15, 194/18-195/2; Exhibit D.

- To buy clothes. Exhibit A at 192/5-23; Exhibit D.

- To pay for car repairs. Exhibit A at 192/24-193/20; Exhibit D.

- To pay for dry cleaning. Exhibit A at 193/21-194/6; Exhibit D.

- To buy a gift. Exhibit A at 195/3-10; Exhibit D.

The checks for all of the above purposes were written on Respondent's IOLTA trust account. Respondent acknowledged that he signed all the checks. Exhibit A at 195/11-196/14.

Respondent also acknowledged that some deposits were clearly of a personal nature also:

- A check payable to himself and his wife from his wife's aunt, in honor of the birth of his son. Exhibit A at 172/3-25; Exhibit C.

- A check payable to himself and his wife from Alamo Title Company. Exhibit A 179/21-180/25; Exhibit C.

Why did Respondent utilize his IOLTA trust account in this manner? According to his explanation, both he and his wife were clients of his, Exhibit A at 145/19-147/5, 177/22-178/10 (although he conceded that he does not have written agreements regarding his representation of himself or his wife, Exhibit A at 178/11-17).

As a matter of law, Respondent's use of his IOLTA trust account as a repository for his and his wife's money was a violation of Rule 1.14(a)'s requirement that funds belonging to clients "be kept separate from the lawyer's own property" and "be kept in a separate account." Simply characterizing himself and his wife as "clients" does not alter the fact that, on an ongoing basis, Respondent kept money belonging to himself and/or his wife in the same account with money belonging to his clients, as opposed to separate accounts.

This commingling of Respondent's money with his clients' money is made clear by the analysis of Respondent's IOLTA trust account by an accountant named Tom Prude, who was retained by Respondent to perform that task. Prude's affidavit regarding his work and the spreadsheet that he prepared are attached hereto as Exhibit E. As just one example of the intermingling of Respondent's money with his clients' money, Prude's spreadsheet indicates that Respondent's trust account contained $268,978.43 on November 15, 2001 and $95,496.47 on February 7, 2002. Exhibit A at 155/18-22; 157/24-158/1. During the entire period of time between those two dates, the funds belonging to persons other than Respondent and his wife remained constant at $9,543.00. Exhibit 155/23-156/2; 159/24-160/5. However, during that

same period, the funds belonging to Respondent declined by $173,481.96, money that was spent for reasons associated with Respondent. Exhibit A at 160/3-160/25.

The fact that Respondent's handling of his IOLTA trust account was clearly in violation of Rule 1.14(a) is confirmed by a review of the Comments that accompany the rule. Comment 1 states, in part: "All property which is the property of clients or third persons should be kept separate from the lawyer's business and personal property and, if monies, in one or more trust accounts." Comment 2 states, in part: "A lawyer should not use even that portion of trust account funds due to the lawyer to make direct payment to general creditors of the lawyer or the lawyer's firm, because such a course of dealing increases the risk that all the assets of that account will be viewed as the lawyer's property rather than that of clients, and thus as available to satisfy the claims of such creditors."

The importance of keeping a lawyer's money separate from his clients' money has been emphasized by the courts. In *Brown v. Commission for Lawyer Discipline*, 980 S.W.2d 675 (Tex. App. – San Antonio 1998, no pet.), the San Antonio Court of Appeals upheld a trial court judgment that the appellant had committed misconduct in regard to the handling of his trust account. As part of its analysis, the Court of Appeals spoke as follows:

> "Throughout the history of our profession, a lawyer has been required to treat the property of a client in accordance with the highest standards of accountability." Robert P. Schuwerk & John F. Sutton, Jr., *A Guide to the Texas Disciplinary Rules of Professional Conduct*, 27A Hous. L. Rev. 1, 199-200 (1990). The prohibition on commingling, set forth in Rule 1.14, is one of the principal aspects of those standards. *See id.* As one court has explained, the prohibition on commingling is both a prophylactic measure and a method for avoiding even the appearance of impropriety:
>
> "[The rule] guards against the dangers of commingling; the probability in some cases, the possibility in many cases, and the danger in all cases that such commingling will result in loss of the clients' funds. . . . It calls for a reasonable manner of handling the clients' funds; . . . it avoids the appearance of impropriety,

and assures that there will be no loss of the clients' funds despite 'good intentions.' To comply with it, all that is required is good office management."

*See Archer v. State*, 548 S.W.2d 71, 74 (Tex. Civ. App. – El Paso 1977, writ ref'd n.r.e.). An equally important reason for prohibiting commingling is the danger that funds in a commingled account will be viewed as the lawyer's property, rather than the client's, and will thus be subject to the claims of the lawyer's creditors. *See* Tex. Disciplinary R. Prof. Conduct 1.14 cmt. 2 (1989). . . .

Because of the fundamental nature of the principles underlying commingling and the serious dangers associated with the vice, courts typically give little or no weight to the fact that a commingling violation was technical, ignorant, or inadvertent, or that the client was not harmed. *See* Schuwerk & Sutton, *supra*, at 200 & nn. 3-6 (citing cases). At least one court has stated that a client's consent to commingling is irrelevant. *See Archer*, 548 S.W.2d at 74 (construing the predecessor to Rule 1.14).

*Id.* at 680.

In the case at bar, the commingling of Repondent's funds with those of his clients was the complete opposite of "technical, ignorant, or inadvertent." Rather, the commingling was systematic, deliberate, and ongoing. It is clear, as a matter of law, that Respondent violated Rule 1.14(a), and it was an egregious violation.

**B.** **Respondent failed to preserve for five years the records generated in regard to his IOLTA trust account.**

Rule 1.14(a) of the TEXAS DISCIPLINARY RULES OF PROFESSIONAL CONDUCT also provides, in pertinent part, as follows: "Complete records of such account funds and other property shall be kept by the lawyer and shall be preserved for a period of five years after termination of the representation." By his own testimony, Respondent has clearly violated this portion of that rule.

On January 12, 2004, Petitioner filed its First Request for Production and First Request for Interrogatories on Respondent. Request no. 2 in the First Request for Production called on Respondent to produce the records regarding all trust accounts maintained by Respondent from

and after December 1, 1998 to the point that the discovery was served. Exhibit F. For years, Respondent did not respond appropriately to Petitioner's discovery documents. On April 19, 2007, this Court signed its Order on Petitioner's Motion to Compel, requiring Respondent to provide a "full and complete response" to Petitioner's First Request for Production and First Request for Interrogatories by June 19, 2007. Exhibit G. Respondent did produce certain documents to Petitioner, and Respondent identified those documents in his Supplemental Response to Petitioner's First Request for Interrogatories. Exhibit H.

Other than six settlement files, Respondent produced only four categories of documents that deal with his IOLTA trust account, and those are bank statements and canceled checks broken down by these dates: April-September 2001, October-December 2001, January-March 2002, and April-July 2002. However, as Respondent testified, those bank statements and canceled checks that he produced were <u>not</u> copies of records that he maintains regarding his account. Rather, all Respondent did was to make a copy of the bank statements and canceled checks that <u>Petitioner</u> had earlier obtained in this proceeding directly from Frost Bank and which Petitioner had previously produced to Respondent. Respondent then produced those same records back to Petitioner. Respondent's testimony was as follows:

> Q. But, the Request for Production called on you to produce everything you had regarding your IOLTA trust account.
>
> A. That's correct.
>
> Q. And you are saying you have no bank statements, bank books, ledgers, or canceled checks regarding your IOLTA trust account?
>
> A. Not from that period of time other than these.
>
> Q. Well, at any rate, these --
>
> A. And these are --

Q.     These are what they appear to be though, correct?

A.     I understand that these are accurate copies of the bank records that were obtained by Mr. Molleston during that period of time.

Q.     The bank records of your IOLTA trust account?

A.     Correct.

Q.     Okay.

A.     I'm not saying that they are not. I did produce them. I just needed to make it clear that you are understood that I already had these from what Mr. Molleston giving them me and wanted to give him everything back including the settlement files that I had.

Q.     So Mr. Molleston obtained them, he provided you with copies, and he copied them and you gave them back to us?

A.     Right, in addition to some other stuff.

Exhibit A at 169/7-170/5.

In other words, Respondent has no records that he himself has kept regarding his IOLTA trust account for the years 2001-2002 (other than the six settlement files). Respondent has failed to maintain the required records despite the mandate of Rule 1.14(a) and despite the January, 2004 Request for Production by Petitioner in this case asking that those records be produced.

## IV. CONCLUSION

There is no genuine issue of material fact concerning Respondent's commingling of money belonging to himself with money belonging to his clients in his IOLTA trust account. Through his own testimony, Respondent clearly admitted using his trust account as a personal bank account, keeping large sums of his own money in the account, and using the account regularly and repeatedly to pay his own creditors. Neither is there a genuine issue of material fact concerning Respondent's failure to maintain required records concerning his IOLTA trust account. Again, through his own testimony, Respondent clearly admitted that he has no records

(other than six settlement files and the bank statements and canceled checks produced to him by Petitioner) regarding his trust account for the years 2001-2002. Therefore, as a matter of law, Respondent has committed professional misconduct by violating two distinct requirements of Rule 1.14(a) of the TEXAS DISCIPLINARY RULES OF PROFESSIONAL CONDUCT.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED**, Petitioner, the **COMMISSION FOR LAWYER DISCIPLINE**, respectfully prays that this Court grant this motion and hold, as a matter of law, that Respondent has committed professional misconduct in two separate respects by violating two distinct requirements of Rule 1.14(a) of the TEXAS DISCIPLINARY RULES OF PROFESSIONAL CONDUCT.

Respectfully submitted,

**STATE BAR OF TEXAS**
*Office of the Chief Disciplinary Counsel*

**JOHN A. NEAL**
Chief Disciplinary Counsel

**TIMOTHY R. BERSCH**
Assistant Disciplinary Counsel
State Bar No. 02254500
600 Jefferson, Suite 1000
Houston, Texas 77002
Phone: (713) 758-8200
Fax: (713) 752-2158

**ATTORNEYS FOR PETITIONER,
COMMISSION FOR LAWYER DISCIPLINE**

## CERTIFICATE OF CONFERENCE

Given the nature of this motion, and pursuant to Rule 3.3.6 of the Rules of the Civil Trial Division of the Harris County District Courts, no conference was held with Respondent prior to the filing of this motion.

**TIMOTHY R. BERSCH**


## NOTICE OF REQUESTED HEARING

Petitioner respectfully requests that a hearing be held on this motion on September 10, 2007, prior to the beginning of the trial that is scheduled for that day.

**TIMOTHY R. BERSCH**


## CERTIFICATE OF SERVICE

I certify that on the 20th day of August, 2007, the original of Petitioner's Motion for Summary Judgment was filed with the Harris County District Clerk and a true and correct copy of same was delivered to Respondent, George R. Neely, *Pro Se*, 540 Heights Blvd., Houston, Texas 77007.

**TIMOTHY R. BERSCH**

# Exhibit 3

| | | |
|---|---|---|
| COMMISSION FOR LAWYER DISCIPLINE, | § | IN THE DISTRIC #2 |
| | § | |
| Petitioner, | § | |
| | § | |
| vs. | § | HARRIS COUNTY |
| | § | |
| GEORGE R. NEELY, | § | |
| | § | |
| Respondent. | § | 164th JUDICIAL DISTRICT |

## PETITIONER'S FIRST AMENDED DISCIPLINARY PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW Petitioner, the **COMMISSION FOR LAWYER DISCIPLINE** (hereinafter referred to as "Petitioner"), a committee of the STATE BAR OF TEXAS, complaining of Respondent, **GEORGE R. NEELY** (hereinafter referred to as "Respondent"), Texas Bar Card No. 14861750 , and would respectfully show unto the Court the following:

## I. DISCOVERY CONTROL PLAN

Pursuant to Rules 190.1 and 190.3 of the TEXAS RULES OF CIVIL PROCEDURE, Petitioner intends discovery in this case to be conducted under the Level 2 Discovery Control Plan.

## II. NATURE OF PROCEEDING

Petitioner brings this disciplinary action pursuant to the STATE BAR ACT, TEXAS GOVERNMENT CODE ANNOTATED §81.001, *et seq.* (Vernon 1988 and supp. 1994); the TEXAS DISCIPLINARY RULES OF PROFESSIONAL CONDUCT; and the TEXAS RULES OF DISCIPLINARY PROCEDURE.

## III. VENUE

Respondent is an attorney licensed to practice law in Texas and is a member of the STATE BAR OF TEXAS. Respondent's residence and principal place of practice is Harris County, Texas;

therefore, venue is appropriate in Harris County, Texas, pursuant to Rule 3.03 of the TEXAS RULES OF DISCIPLINARY PROCEDURE. Respondent has been served and has appeared and answered.

## IV. CAUSES OF ACTION

During the time between May 2001 through May 2002, Virginia Ploch was employed with Respondent's law firm.

## V.

During the time between May 2001 through May 2002, Ms. Ploch was paid wages, expenses, and bonuses through checks signed by the Respondent and drawn on Respondent's IOLTA trust account. Additionally, Respondent utilized his IOLTA trust account to pay his business and personal expenses.

## VI.

During the time that Respondent utilized his IOLTA trust account for wages, expenses, bonuses, and business and personal expenses, Respondent also maintained client funds in his trust account. Thus, Respondent failed to segregate funds owned by him from funds owned by clients.

## VII.

Respondent failed to preserve for five years the records generated in regard to his IOLTA trust account for the 2001-2002 time period.

## VIII. RULE VIOLATIONS

The acts and/or omissions of Respondent described above constitute conduct in violation of two distinct requirements of Rule 1.14(a) of the TEXAS DISCIPLINARY RULES OF PROFESSIONAL CONDUCT, for failing to hold funds belonging in whole or in part to clients or

third persons that are in a lawyer's possession separate from the lawyer's own property and in a separate account, and for failing to preserve complete records of such account for a period of five years after termination of the representation.

## IX.

The Complaint that forms the basis of this cause of action was brought to the attention of the Office of the Chief Disciplinary Counsel of the STATE BAR OF TEXAS by Virgina Ploch's filing of a grievance on or about August 26, 2002.

### PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Petitioner, the **COMMISSION FOR LAWYER DISCIPLINE,** respectfully prays that this Court discipline Respondent by reprimand, suspension, or disbarment, as the facts shall warrant, and grant all other relief to which Petitioner may show itself to be justly entitled, including, without limitation, expenses, costs of court, and attorneys' fees.

Respectfully submitted,

**STATE BAR OF TEXAS**
*Office of the Chief Disciplinary Counsel*

**JOHN A. NEAL**
Chief Disciplinary Counsel

**TIMOTHY R. BERSCH**
Assistant Disciplinary Counsel
State Bar No. 02254500
600 Jefferson, Suite 1000
Houston, Texas 77002
Phone: (713) 758-8200
Fax: (713) 752-2158

**ATTORNEYS FOR PETITIONER,
COMMISSION FOR LAWYER DISCIPLINE**

## CERTIFICATE OF SERVICE

I certify that on the 20th day of August, 2007, the original of Petitioner's First Amended Disciplinary Petition was filed with the Harris County District Clerk and a true and correct copy of same was delivered to Respondent, George R. Neely, *Pro Se*, 540 Heights Blvd., Houston, Texas 77007.

**TIMOTHY R. BERSCH**

# Exhibit 4

RECEIVED

OCT 1 2 2007

STATE BAR OF TEXAS
HOUSTON CDC

**COMMISSION FOR LAWYER**
**DISCIPLINE,**
    **Petitioner,**

**vs.**

**GEORGE R. NEELY,**
    **Respondent.**

NO. 2003-63182

§
§
§
§
§
§
§
§
§

IN THE DISTRICT COURT OF

HARRIS COUNTY, TEXAS

164TH JUDICIAL DISTRICT

## MOTION TO SUPPRESS AND TO EXCLUDE AND TO DISMISS

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes George R. Neely, Respondent herein, and files this his Motion To Suppress and to Exclude, and in connection therewith would respectfully present unto the Court as follows:

I.

1.1 Respondent requests the suppression and/or exclusion of the Iolta bank records improperly obtained by Petitioner from Frost National Bank, and in support thereof would summarize the seminal facts in connection therewith as follows:

(1) When the The Commission for Lawyer Discipline filed its lawsuit against Respondent, the State Bar grievance committee lost any jurisdiction and or control over any further proceedings in connection therewith;

(2) The Commission for Lawyer Discipline initiated the instant litigation, and invoked the Rules of Civil Procedure in attempting to obtain discovery of Iolta bank account records herein, and by doing so precluded itself from taking advantage of any other authority arguably given to State or Federal administrative agencies under

the Texas finance code to obtain bank records(the Commission For Lawyer Discipline is not a governmental agency);

(3) Respondent, timely asserting the attorney-client and other constitutional privileges to the Iolta bank account records sought by the The Commission for Lawyer Discipline, was entitled to constitutional due process in connection with his and his clients affairs and documents, which are privileged from discovery;

(4) No Motion to Compel the Production of the Iolta bank account records, claimed as privileged, was ever filed by Petitioner with this Court;

(5) Petitioner served a subpoena on Frost National Bank to obtain copies of Respondent's Iolta bank account records without giving him notice of such as required by Rules 21a and 205, TRCP;

(6) It was not until Respondent filed a Motion to Compel Discovery and a No-Evidence Motion for Summary Judgement that Petitioner revealed that it had surreptitiously obtained from Frost National Bank copies of Respondents Iolta bank account records without this Court ruling on the attorney-client privilege asserted by Respondent, and other objections pertaining thereto;

(7) Confidential client information was obtained by Petitioner contrary to the assertion of privilege, and other objections, by Respondent and this Court's power to protect a parties due process rights and client confidences was circumvented by Petitioner;

1.2 Based on the above and foregoing, Respondent hereby requests that this Court suppress and/or exclude from evidence at the trial of this cause any and all Iolta bank account bank records pertaining to Respondent obtained by Petitioner

from Frost National Bank in the manner described herein below, as well as any and all other evidence obtained by Petitioner in connection therewith, including the stolen documents given Petitioner by Virginia Ploch, since all of said documents and evidence is fruit of the poisonous tree and subject to being suppressed and/or excluded.

1.3 Appended hereto as Exhibit "A" is a true and accurate copy of the oral deposition of Lois Trevino, a Representative from Frost National Bank, conducted on June 11, 2004. Exhibit "A" hereto confirms on page 12, that Lisa Gonzales, working for Frost National Bank in San Antonio, spoke with someone from the State Bar of Texas concerning a subpoena and then received the subpoena by certified mail return receipt requested. On page 13 of Exhibit "A", lines 1-8, the witness confirms that Frost National Bank received the Exhibit "1" subpoena attached to her deposition by certified mail in San Antonio, Texas.

1.4 Exhibit "1" to Exhibit "A" hereto is the subpoena issued by Mr. J.G. Molleston, ostensibly in the instant lawsuit, whereby he sought certain bank records from the custodian of records of Frost National Bank pursuant to Rules 178 and 176.8, of the Texas Rules of Civil Procedure. There is no mention in the subpoena of any provision of the Texas Finance Code, as subsequently referred to by Mr. Molleston in pleadings on file herein, as justification or legal authority for obtaining Respondent's bank records without giving Respondent notice as required by Rules 205.2 and 205.3,TRCP.

1.5 Appended hereto as Exhibit "B" are true and accurate copies of excerpts from O' Connor's Texas Rules of Civil Trials, 2003 Edition. Rule 176 of the Texas Rules of Civil Procedure pertains to subpoenas' used to obtain evidence in a pending civil matter. Rule 176.3 restricts the geographical limit of a subpoena to 150 miles from where a person resides or is served. Clearly, San Antonio is further than 150 miles from Houston, Texas, and this Court is requested to take judicial notice that the mileage between San Antonio and Houston is greater than 150miles..

1.6 Rule 176.3 also states that " A subpoena may not be used for discovery to an extent, in a manner, or at a time other than as provided by the Rules governing discovery." This means the Texas Rules of Civil Procedure.

1.7 Rule 176.5 states that " A subpoena may be served at any place within the State of Texas by any sheriff or constable of the State of Texas, or anyone who is not a party and is 18 years of age or older. A subpoena **must** be served by delivering a copy to the witness and tendering to that person any fees required by law." (Emphasis added). Further, Rule 176.5 also requires that proof of the subpoena must be made by filing either the witnesses signed receipt or a statement by the person serving same with the Court. No proof of the subject subpoena and/or return has ever been filed with the Court in this action.

1.8 Under Rule 176, TRCP, O' Connor's cites *In re Diversicare Gen. Partner, 41 S.W. 3d 788, 794 (Tex. App.– Corpus Christi 2001, orig. proceeding).* and states **" [A] party may compel discovery from a nonparty by ... serving a notice on the nonparty -- and parties pursuant to Rule 205.2 and a subpoena compelling**

flagrantly and intentionally violated the Rules of Civil Procedure by not giving Respondent the required notice of the discovery it sought to obtain from Frost National Bank, which Petitioner knows applies when obtaining discovery from non-party's in pending lawsuits. Petitioner compounds its transgression by now representing to the Court that there is some vague provision of the Finance Code which exempts Petitioner from providing notice to Respondent in connection with Petitioner obtaining Respondents Iolta bank account records from Frost National Bank by a discovery subpoena issued in this case . The provision in the Finance Code to which Petitioner refers pertains only to whether a bank is required to give notice to a customer who is a party to the pending action in connection with which the documents are sought, not whether a party to a pending lawsuit is required to give notice. **Further, the Court will notice that the subpoena served on Frost National Bank does not mention any provision of the Finance Code.** The subpoena used by Petitioner does specifically refer to certain Rules of the Texas Rules of Civil Procedure which, as reflected in Exhibit "B" hereto, require that notice be given to all parties in the pending lawsuit in which the subpoena is issued.

2.2 Petitioner erroneously contends that it was authorized pursuant to V.T.C.A. Finance Code §59.006 to obtain copies of Respondent's Iolta bank account records without giving notice under the TRCP to Respondent of same. However, Petitioner is not entitled to claim the applicability of §59.006 of The Finance Code, if at all, once it has indicated the clear intent to pursue discovery under The Texas Rules of Civil Procedure, by referring to same in the very subpoena it sent to Frost National Bank to obtain the

records. Further, §59.006 of The Finance Code is procedural and cannot take precedent over discovery rules which address discovery and compliance with subpoenas. *British International Insurance Company, LTD v. Seguros La Republica, S.A. 200 F.R.D. 6 (W.D. Tex 2000)*. While the *British International case* dealt with Federal Rules of Civil Procedure on discovery, the Texas Rules of Civil Procedure are modeled after the Federal Rules of Civil Procedure, and §59.006 of the Texas Finance Code is in fact a Texas Statue, it cannot be disputed that the same principles enunciated therein would apply to the mandatory discovery and notice rules contained in the Texas Rules of Civil Procedure to litigating parties in the instant action.

2.3 Respondent, in response to discovery sought by Petitioner, timely asserted numerous objections, including the attorney-client privilege. An attorneys duty to preserve his clients confidences outlasts his employment. *Gleason v. Coman 693 S.W. 2d 564(Tex. Civ. App– 14th Dist. 1985)*. Further, an attorney's ethical obligation to prevent disclosure of client confidences is broader than and independent of the attorney-client privilege. *United States v. Kasmire 499 F.T.D. 444 (5th Cir. 1974)*. Also, the attorney duty of confidentiality is broader than just client communication, and extends to all confidential information whether privileged or unprivileged, and whether directly from the client or from another source. *Perillo v. Johnson 205 F 3d 775 (5th Cir. 2000)*.

2.4 Insofar as Respondent asserted the attorney-client privilege timely, as well as other objections to producing his Iolta bank account records, the attorney-client and other constitutional privileges associated with said documents were preserved and not waived by Respondent and he was entitled to rely on the assertion of said rights until such time as those objections were ruled on by the Court in determining the scope of discovery under

Rules 192.3, and 193 TRCP. *In Re Lincoln Elec. Co. 91 S.W. 3d 432 (Tex.App–Beaumont 2002 no writ).*

2.5 Petitioner completely ignored the Rules of Civil Procedure and the power of this Court, and intentionally circumvented the Rules of Civil Procedure and the constitutional rights of Respondent and his clients, as well as Petitioner's ethical obligations to the profession, and without notice to Respondent, obtained client confidential information, which it then proceeded to publish at the Harris County Courthouse by filing same with the District Clerk's office in response to a no evidence motion for summary judgment filed by Respondent.

2.6 Petitioner, when issuing a subpoena for the production of documents on a nonparty, is required to provide notice under Rule 205 of the Texas Rules of Civil Procedure which would allow respondent at least ten (10) days notice of such so as to object to same and file a Motion for Protection and/or Motion to Quash. This Petitioner failed and refused to do.

2.7 To further aggravate the transgression, Petitioner not only failed to serve the subpoena in person, as required by Rule 176.5, but served it by certified mail and required production of the records in Houston by someone who resided more that 150 miles from Houston which, in direct contravention of the TRCP, resulted in the use of the subpoena for discovery to an extent and in a manner other than provided in the Rules of Civil Procedure governing discovery. In order to conceal its actions, Petitioner then didn't even file a copy of or proof of the subpoena with the Court so that Petitioner's conduct would be completely concealed and no one would be aware of such in time to prevent Petitioner from doing what it planned,

intentionally, to perpetrate. Had Petitioner gone to the Court and asked for an order compelling production of Petitioner's Iolta bank account records from Frost National Bank, it would have had to admit to the Judge that it received and used information stolen from Respondent's office by a former disgruntled employee, who kept a key to Respondent's office, who gained access to his office after she was terminated, in order to remove documents and other items without Respondent's knowledge and consent to further a scheme of extortion and harassment against Respondent. Under those circumstances, the Judge surely would have denied the motion to compel and dismissed the lawsuit since it was based on stolen documents from Respondent's office.

2.8 Even O'Connor's refers to the *Diversicare case* which confirms that the way to compel discovery from a nonparty is by serving a notice on the nonparty and all parties pursuant to Rule 205.2 and a subpoena compelling production of documents.

2.9 Rule 205 is the applicable Rule in pending litigation whereby one compels discovery from a nonparty. A quick perusal of the provisions of Rule 205 confirm that Petitioner's conduct did not comply with the requirements and provisions thereof.

2.10 Any and all evidence offered by Petitioner should be excluded as a penalty for failing to comply with discovery requests of Respondent pursuant to Rule 205, Rule 215 and Rule 193.6 of The Texas Rules of Civil Procedure, in that the penalty under Rule 193.6 for a party's failure to respond to a discovery request is mandatory exclusion of the unidentified witness or evidence sought. *F&H Investments Inc. v. State 55 S.W. 3d 663*

*(Tex. App.– Waco 2001).* The salutary purpose of Rule 215.5 [now Rule 193.6] is to require complete responses to discovery so as to permit responsible assessment of settlement and prevent trial by ambush. The Rule is mandatory, and its sole sanction- exclusion of evidence- is automatic unless there is good cause to excuse its exclusion. *F&H Investments, Inc, at p 669.* Here, Petitioner cannot show any good cause for failing to comply with the Rules of Procedure applying to discovery, and there is no good cause for circumventing this Courts authority and Respondents constitutional rights. *See also Matagorda County Hosp. Dist. v. Burwall 94 S.W.3d 75 (Tex. App.– Corpus Christi 2002)* (the exclusion of the evidence is the sole remedy for non-timely supplementing discovery; The exclusion of evidence for non-timely supplementing evidence is mandatory and automatic).*; Best Indus. Uniform v. Gulf Coast Alloy 41 S.W. 3d 145 ( Tex. App– Amarillo 2000, review denied)*(Sanctions for discovery abuses may be used by the Court in disposing of a case on the merits when a parties flagrant bad faith or callous disregard for the responsibility of discovery under the Rules of Civil Procedure justifies same.)*; Schein v. American Restaurant Group 852 S.W. 2d 496 (Tex. 1993)(*If a party does not comply with a discovery request pursuant to Rule 167 and 168 TRCP, the party may be prohibited from introducing the requested document or evidence at trial).

2.11 Finally, the civil equivalent of the Fruit From The Poisoned Tree doctrine in criminal proceedings applies to the instant action, such that the documents and information contained in both the documents stolen from Respondents office by Virginia Ploch and the Frost National Bank Iolta account records obtained by Petitioner, as well as anything flowing therefrom, may not be used for any purpose whatsoever. Petitioner tacitly acknowledges the inadmissibility of same by it's refusal to use the Ploch documents in

support of its claims. The State Bar of Texas and Petitioner have been on notice since late 2002 that the documents in their possession were stolen and that Respondent demanded their return to him. Instead, they used stolen documents and the information in them, which may not be used, to prosecute Respondent herein and surreptitiously obtain Iolta bank account records, without giving Respondent his due process notice of same, thereby circumventing both Respondent's rights (and his clients) and this Courts power. Petitioner, as well as any other party to litigation, may not use improperly obtained evidence. In *Schenck v. Ebby Halliday Real Estate 803 S.W. 2d 361 (Tex.App.-- Fort Worth 1990, no writ)*, the Court properly excluded the report of a parties expert witness appraiser regarding value of the property where he had reached his conclusions by trespassing on the property. The Court, in reaching it's ruling, concluded that a party is not entitled to trespass upon another party's property to conduct an investigation or inspection without first notifying the other party by properly serving a request to produce or filling a motion to produce. The same rules, and principles, apply to Petitioner as they apply to all other parties in litigation. Petitioner is required to notice all parties of any efforts to obtain discovery in pending proceedings. In this case, Petitioner was required to give Respondent notice under Rule 205 of The Texas Rules of Civil Procedure when they were attempting to obtain discovery from a nonparty, Respondent's bank. Instead, they secretly served a sham subpoena, which was never filed with the Court. See also, *Honeycutt v. K-Mart Corporation,15 S.W.3d 239 (Tex. App. Corpus Christi 1999) Rev'd and Rendered 24 S.W.3d 357 (Tex. 2000).*

2.12 See also *Day & Zimmermann, Inc. v. Strickland 483 S.W. 2d 541 (Tex. Civ. App-- Texarkana 1972 n.r.e.)*, in which case the Court excluded opinions in a report which

were based on records not introduced and which had not been made available to the opposing party. Further, the expert witness of a party was properly not permitted to testify to anything he observed during an unauthorized inspection of the home when the owner of the land was not present and did not give permission. More recently, in *Villegas v. Texas Depart. of Transp, 120 S.W. 3d, 26 (Tex. App– San Antonio 2003, review denied)*, the trial Court did not abuse its discretion in striking the Plaintiff's expert, where Plaintiff's offered not explanation for their failure to disclose 162 pages of supporting data and material relating to experts opinion during the discovery period. Finally, we come to the most relevant case hereto, *Vara v. Sharp 880 S.W. 2d 844 ( Tex. App. – Austin 1994, no writ)*. In *Vara*, the question presented to the Court was whether evidence obtained in violation of constitutional rights could be used in a civil tax proceeding. Like in the Vara case, Petitioner failed to obtain evidence pursuant to the applicable discovery Rules of Procedure and admits to having received documents stolen from Respondents office by Virginia Ploch, on which this action was predicated. Further, in addition to the concerns enunciate herein above, there is another consideration-the imperative of judicial integrity. *Mapp v. Ohio, 367 U.S. 643 , 659 (1961)*. "Nothing can destroy a government more quickly than its failure to observe its own laws, or worse, its disregard of the charter of its own existence" id. Concluding, the Court, in *Mapp v. Ohio*, explains that its decision was "... founded on reason and truth gives to the individual no more than that which the constitution guarantees him, to the police officer no less than that which honest law enforcement is entitled, and, to the Courts, that judicial integrity so necessary in the true administration of justice." *Id 367 us at 660*.

III.

3.1 It is inconceivable that Petitioner could argue that it did not know that it was required to provide notice mandated by the Texas Rules of Civil Procedure once litigation had been initiated by it against Respondent. Accordingly, this court can only conclude from the actions taken by Petitioner, and the manner in which they were taken, that the conduct complained of by Respondent herein was intentional, premeditated, flagrant, and malicious. Petitioner knew in February of 2004 that the proper avenue open to it to obtain Respondent's Iolta bank account records was a Motion to Compel, consistent with Petitioner's letter to Respondent concerning such. Since Petitioner chose to ignore the rules of civil procedure with which all attorneys and litigants are required to comply, this Court should ignore Petitioner's request to use the improperly obtained documents, and all evidence associated therewith. As relevant case law states, the punishment should fit the crime. For ignoring the very basic principals on which our Judicial System functions, constitutional due process, this Court should ignore any request from Petitioner to use the improperly obtained documents and all evidence plowing therefrom. This Court should, and Respondent opines must, impose the sanction of suppression and/or exclusion of any and all Iolta bank account documents and evidence obtained by Petitioner due to its intentional, flagrant and malicious violation of the Rules of Civil Procedure governing discovery.

WHEREFORE, PREMISES CONSIDERED, Respondent respectfully requests that the Court suppress and/or exclude not only the Frost National Bank Iolta account records, but any evidence flowing therefrom and/or associated therewith,

as well as the documents stolen from Respondents office by Virginia Ploch and preclude any further discovery concerning the subject matter of those documents and matters contained therein, which were brought to the attention of Petitioner through various improprieties, enter a take nothing judgment and/or dismiss the instant action with prejudice, and order the return of all copies of Respondent's Iolta bank account records to Respondent, seal this file so as to preclude anyone from obtaining copies of Respondent's Iolta bank account records from the District Clerk's office, together with such other and further relief, whether at law or in equity, to which Respondent may be justly entitled.

Respectfully submitted,

George R. Neely
State Bar No. 14861750
540 Heights Boulevard
Houston, Texas 77007
1925 FM 723
Rosenberg, Texas 77471
(713) 521-9666 – Telephone
(713) 522-9669 – Telecopier
ATTORNEY IN CHARGE FOR
RESPONDENT

Waverly R. Nolley
State Bar No. 15067420
540 Heights Boulevard
Houston, Texas 77007
(713) 880-2255 (Telephone)
(713) 880-0415 (Telecopier)

CO- COUNSEL FOR RESPONDENT

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served on opposing counsel of record in accordance with the Texas Rules of Civil Procedure on this _____ day of October, 2007.

_____
George R. Neely