# Exhibit 5

CAUSE NO. 2003-63182

| | | |
|---|---|---|
| COMMISSION FOR LAWYER DISCIPLINE, | § | IN THE DISTRICT COURT OF |
| | § | |
| Petitioner, | § | |
| | § | |
| vs. | § | HARRIS COUNTY, TEXAS |
| | § | |
| GEORGE R. NEELY, | § | |
| | § | |
| Respondent. | § | 164th JUDICIAL DISTRICT |

## PETITIONER'S SUPPLEMENT TO PETITIONER'S RESPONSE TO RESPONDENT'S MOTION FOR SANCTIONS TO EXCLUDE DOCUMENTS

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW Petitioner, the COMMISSION FOR LAWYER DISCIPLINE (hereinafter referred to as "Petitioner"), a committee of the STATE BAR OF TEXAS, and files this its Supplement to Petitioner's Response to Respondent's Motion for Sanctions to Exclude Documents.

## INTRODUCTION

On June 10, 2004, Respondent filed his Motion for Sanctions to Exclude Documents ("Respondent's Motion.) On July 12, 2004, Petitioner filed its Response. In that document, Petitioner dealt at length with all of the issues raised in Respondent's Motion. Those issues were then discussed at hearings conducted by this Court on April 19, 2007, and September 10, 2007. The purpose of this Supplement is to focus on one specific question that emerged from the latter hearing: Assuming *arguendo* that this Court decides Petitioner did not follow the proper procedure in obtaining Respondent's IOLTA trust account records from Frost Bank, should

DEPUTY

2007 OCT 15 PM 4: 53

FILED
CHARLES BACARISSE
DISTRICT CLERK
HARRIS COUNTY, TEXAS

Petitioner be prevented from utilizing those records as evidence in this case?   Petitioner respectfully submits that the answer to that question is "no."[1]

## ARGUMENT AND AUTHORITIES

### A.    A disciplinary proceeding is a civil action.

Respondent has asserted that a disbarment proceeding is "quasi-criminal in nature." Respondent's Motion at, *inter alia*, 2.6, 2.17.   However, the only authority that Respondent provided for that assertion is a federal case which dealt with an appeal from "an order disbarring [Medrano] from practice in the federal district court for the Western District of Texas."   *In re Medrano*, 956 F.2d 101 (5th Cir. 1992).   Following federal procedure, the Court noted that "[a] federal court may disbar an attorney only upon presentation of clear and convincing evidence sufficient to support the finding of one or more violations warranting this extreme sanction."   *Id.* at 102.

Texas law is different.   It is clear, from both statute and case law, that a disciplinary proceeding regarding a lawyer's license to practice law in the State of Texas is a civil action. "Disciplinary Actions are civil in nature."   TEXAS RULES OF DISCIPLINARY PROCEDURE 3.08A.

"At several points in its opinion the court of appeals states that disciplinary actions are 'quasi-criminal in nature.'   Clear Texas authority is that disciplinary proceedings are civil in nature. . . . Thus, we disapprove these statements by the court of appeals."   *State Bar of Tex. v. Evans*, 774 S.W.2d 656, 657, n. 1 (Tex. 1989).

---

[1] On Tuesday, October 9, 2004, Respondent filed a document entitled Motion to Suppress and to Exclude and to Dismiss.   That document was hand delivered to Petitioner's counsel three days later, on Friday afternoon, October 12, 2004.   Since Respondent's Motion – the document filed in 2004 – was the subject of the two hearings, and since this Court invited further briefing only on the question identified above, the references in this Supplement are to Respondent's Motion, not to the document filed by Respondent on October 12.

In points of error eleven, twelve, and twenty-eight, Favaloro contends his right to be free from unreasonable search and seizure and to have warrants based upon probable cause were violated by the trial court's judgment. . . . Each of these points of error asserts the violation of some constitutional right afforded defendants in a *criminal* case. Disciplinary cases are civil cases, not criminal cases. . . . Therefore, none of the rights asserted in these points of error applies to Favaloro in this proceeding.

*Favaloro v. Commission for Lawyer Discipline*, 994 S.W.2d 815 (Tex. App.—Dallas 1999, pet.

struck). (Emphasis added.)

**B.     The exclusionary rule and the doctrine of the "fruit of the poisonous tree" are not applicable to the case at bar.**

Respondent's Motion includes citations to Texas cases dealing with discovery sanctions, repeated (erroneous) references to disciplinary proceedings as "quasi-criminal in nature," and invocations of the exclusionary rule and the "Fruit From The Poisoned Tree doctrine." Respondent's Motion at 2.13-2.18. However, Respondent did not provide any authority supporting his assertion that the exclusionary rule is applicable to the case at bar.

A review of the cases upon which Respondent relies, as well as the cases cited therein, clearly demonstrates that the exclusionary rule applies only where constitutional rights have been violated in the process of obtaining incriminating evidence. The Austin Court of Appeals set forth the history of the exclusionary rule in *Vara v. Sharp*, 880 S.W.2d 844 (Tex. App.—Austin 1994, no writ), a case identified by Respondent's Motion as "the most relevant case hereto." In summarizing the essence of the exclusionary rule, the *Vara* court explained, "Under the exclusionary rule, unconstitutionally seized evidence may not be admitted in a criminal proceeding." *Id.* at 847. The *Vara* court went on to describe the evolution of the exclusionary rule, including its potential application in civil proceedings related to an unconstitutional seizure. The *Vara* court made it clear that the exclusionary rule is triggered by police conduct that violates a citizen's federal or state constitutional rights.

Additional cases which are instructive with regard to the application of the exclusionary rule are *United States v. Janis,* 428 U.S. 433, 446 (1976) (explaining that the U.S. Supreme Court "has established that the 'prime purpose' of the rule, if not the sole one, 'is to deter future unlawful police conduct'"); *United States v. Calandra,* 414 U.S. 338, 347-48 (1974) (explaining that "[t]he exclusionary rule was adopted to effectuate the Fourth Amendment right of all citizens 'to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures'" and "the rule is a judicially created remedy designed to safeguard Fourth Amendment rights generally through its deterrent effect"); *Elkins v. United States,* 364 U.S. 206, 217 (1960) (explaining that the purpose of the exclusionary rule is to force police officers to respect constitutional guarantees regarding search and seizure); and *Pine v. State,* 921 S.W.2d 866 (Tex. App.—Houston [14th Dist.] 1996, writ dism'd w.o.j.) (addressing application of exclusionary rule after warrantless seizure and noting that exclusionary rule may apply in related forfeiture proceedings because of their "quasi-criminal" nature).  In every one of these cases, the question whether to apply the exclusionary rule arose only because unconstitutional police conduct, such as a warrantless search, led to the discovery of the evidence in question.  Without the constitutional violation, the exclusionary rule would not have been at issue.

In the case at bar, of course, there was no unconstitutional search or seizure.  Rather, a subpoena was issued to Frost Bank, to which the bank responded by producing the records in question.  Neither the cases cited by Respondent nor any of the cases cited herein supports the application of the exclusionary rule in a purely civil context where the complaining party's constitutional rights have not been violated by illegal police conduct.  Respondent's reliance on cases involving unconstitutional police conduct is misplaced, and his request for this Court to base its decision on those cases is without merit.

Likewise, the exclusion of evidence in this case may not be based on the statutory exclusionary rule. The exclusionary rule in Texas is codified in Article 38.23 of the CODE OF CRIMINAL PROCEDURE: "No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case."

The possible application of the statutory exclusionary rule to a civil case was discussed in *Baxter v. Tex. Dep't of Human Resources*, 678 S.W.2d 265 (Tex. App.—Austin 1984, no writ), in which the trial court had ordered the termination of the parental rights of appellants after sexually explicit materials were found in their home discovered in their home by a third party and turned over to the state. Appellants asserted that the evidence had been illegally obtained and asked that it be excluded. In overruling that point of error, the Court of Appeals held that "[t]he exclusionary rule codified in Tex. Code Cr. P. 38.23 (Supp. 1984) is inapplicable to the present case because the Code of Criminal Procedure applies only to criminal actions, and this is a civil action arising under the Texas Family Code." *Id.* at 267.

## C.   There is no basis to exclude the Frost Bank records as a discovery sanction.

Respondent also urges this Court to exclude the Frost Bank records as a discovery sanction. The cases cited by Respondent do not support his request for the Court to impose discovery sanctions. In *F & H Investments Inc. v. State*, 55 S.W.3d 663 (Tex. App.—Waco 2001, no pet.), the trial court's judgment in favor of the State was reversed because the State had failed to respond entirely to some discovery requests and had responded to others on the day of trial. In *Matagorda Co. Hosp. Dist. v. Burwell*, 94 S.W.3d 75 (Tex. App.—Corpus Christi 2002), *rev'd on other grounds* 189 S.W.2d 738 (Tex. 2006), the court upheld the exclusion of a

witness because of the Hospital District's failure to supplement a discovery response until nine months after the discovery request and less than six weeks before trial.  In *Best Industrial Uniform Supply Co. v. Gulf Coast Alloy Welding, Inc.*, 41 S.W.3d 145 (Tex. App.—Amarillo 2000, pet. denied), the court reversed the judgment in favor of Gulf Coast because the trial court had imposed an excessive "sudden death" sanction in response to Best's failure to identify a witness in discovery.  In *Schein v. American Restaurant Group, Inc.*, 852 S.W.2d 496 (Tex. 1993), the Supreme Court held that discovery sanctions did not survive a nonsuit.

In both *Schenck v. Ebby Halliday Real Estate, Inc.*, 803 S.W.2d 361 (Tex. App.—Fort Worth 1990, no writ), and *Day & Zimmermann, Inc. v. Strickland*, (Tex. Civ.App.—Texarkana 1972, writ ref'd n.r.e.), the exclusion of testimony based on trespasses on another's property was upheld.  In *Villegas v. Tex. Dep't of Transp.*, 120 S.W.3d 26 (Tex. App.—San Antonio 2003, pet. denied), the court upheld the exclusion of an expert affidavit and supporting data because of a failure, without explanation, to timely disclose the material.

None of the above-referenced cases presents a fact situation that is comparable to the situation in the case at bar.  Even those cases in which the exclusion of evidence was upheld provide no guidance in regard to Respondent's attempt to exclude use of the Frost Bank records.

**D.    Respondent was ordered by this Court to produce the records that he is attempting to exclude.**

On January 12, 2004, Petitioner forwarded a Request for Production to Respondent.  Item no. 2 in that Request for Production called on Respondent to produce records regarding his trust accounts from December 1, 1998, to the date of the request.  Respondent responded to the Request for Production on February 12, 2004.  Respondent objected to item no. 2 and produced no documents in response.  On April 19, 2007, this Court signed an order granting Petitioner's Motion to Compel, ordering Respondent to provide "a full and complete response to Petitioner's

Request for Production and Petitioner's First Request for Interrogatories to Respondent" no later than June 19, 2007. In response to this Court's order, Respondent produced back to Petitioner a copy of the very Frost Bank records which Petitioner had obtained in 2004 and later copied for Respondent, and which Respondent is trying to exclude. Petitioner's request covered a period of 62 months, from December of 1998 through January of 2004; the Frost Bank records at issue here cover a period of only sixteen months, from April of 2001 through July of 2002. To date, Respondent has failed to produce trust account records for any of the other months for which this Court ordered him to produce records.

## CONCLUSION

Assuming *arguendo* that this Court believes Petitioner's good faith reliance on the provisions of FINANCE CODE § 59.006 was in error, there is no reason to exclude use of the Frost Bank records concerning Respondent's IOLTA trust account. The exclusionary rule is not applicable in this civil proceeding. Neither is it appropriate to exclude the documents as a discovery sanction. Petitioner did not engage in discovery abuse such as by failing to respond to discovery requests or failing to identify witnesses. In May of 2004, approximately three months after obtaining the Frost Bank records, Petitioner filed a copy of the entire set of records with the District Clerk and provided notice to Respondent. Respondent was later provided with a copy of the records. The Frost Bank records in question are but a subset of a much larger chronological range of records that this Court later ordered Respondent to produce. Given all these factors, Petitioner respectfully submits that there is no discovery abuse which merits a sanction.

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Petitioner, the COMMISSION FOR LAWYER DISCIPLINE, respectfully prays that this Court deny Respondent's Motion and grant Petitioner such other and further relief to which it may show itself to be justly entitled.

Respectfully submitted,

**STATE BAR OF TEXAS**
*Office of the Chief Disciplinary Counsel*

**JOHN A. NEAL**
Chief Disciplinary Counsel

**TIMOTHY R. BERSCH**
Assistant Disciplinary Counsel
State Bar No. 02254500
600 Jefferson, Suite 1000
Houston, Texas 77002
Phone: (713) 758-8200
Fax: (713) 752-2158

**ATTORNEYS FOR PETITIONER,
COMMISSION FOR LAWYER DISCIPLINE**

**CERTIFICATE OF SERVICE**

I certify that on the *15 th* day of October, 2007, the original of Petitioner's Supplement to Petitioner's Response to Respondent's Motion for Sanctions was filed with the Harris County District Clerk and a true and correct copy of same was forwarded to Respondent, George R. Neely, *Pro Se*, 540 Heights Blvd., Houston, Texas 77007 via facsimile.

**TIMOTHY R. BERSCH**

BY _____ DEPUTY

2007 OCT 15 PM 4: 53

HARRIS COUNTY, TEXAS
DISTRICT CLERK
CHARLES BACARISSE
FILED

# Exhibit 6

**2003-63182**

FILED:  11/17/2003

COMMISSION FOR LAWYER DISCIPLINE (A
PLAINTIFFS

MOLLESTON, JERALD GRIMES JR.

Attorney

## NATURE OF ACTION
ATTORNEY DISCIPLINARY

VS.

NEELY, GEORGE R
DEFENDANTS

Attorney

Jury Fee Paid By:

**SETTINGS**

SURETIES ON COST BOND:

GENERAL ORDER OF THE COURT ___ 164TH

CAUSE NUMBER _____

GENERAL ORDER OF COURT _____

JUDICIAL DISTRICT

w/h? Hearing on D's M to Suppress or exclude evidence
Denies SMSJ Granted

# Exhibit 7

STATE BAR OF TEXAS
HOUSTON CDC

NO. 2003-63182

| | | |
|---|---|---|
| COMMISSION FOR LAWYER | § | IN THE DISTRICT COURT OF |
| DISCIPLINE, | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| | § | |
| GEORGE R. NEELY, | § | 164TH JUDICIAL DISTRICT |
| Respondent. | § | |

## MOTION TO RECUSE

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES GEORGE R. NEELY, and files this, his Motion to Recuse pursuant to Rules 18a and 18b of the Texas Rules Of Civil Procedure and in connection therewith would present unto the Court as follows:

I.

1.1 Appended hereto as Exhibit "A" is the affidavit of George R. Neely submitted in connection with Respondent's Motion To Recuse The Honorable Jack H. Robison ("Judge Robison") from further presiding over the instant action, pursuant to Rules 18a and 18b Of the Texas Rules Of Civil Procedure.

1.2 Respondent submits that Judge Robison should be recused from presiding over the instant action and that all orders signed and/or noted by him on the docket sheet thereof should be vacated as a consequence of improper exparte communications with Judge Robison by the complainant, Virginia Ploch on and after October 11, 2007. Such exparte communication was not made known to Respondent by Petitioner, Judge Robison and/or Ms. Ploch on October 17.2007 at a hearing herein.

1.3 The instant action was called to trial on September 10, 2007. Judge Robison

announced that he would exclude the Frost national Bank records based on the failure to give Respondent notice of the alleged subpoena mailed to Frost National Bank IOLTA bank account records. Later a final hearing was scheduled for October 17, 2007. On October 11, 2007, complainant Virginia Ploch, both faxed and mailed an ex[parte communication to Judge Robison concerning the bank records and checks which had been the subject matter of the September hearing and was to be the subject of the hearing on October 17, 2007. At the October 17, 2007 hearing, Judge Robison commented that Ms. Ploch was a real enemy of Respondent's and other remarks that did not seem relevant to the pleadings before the Court. Respondent was never told of the exparte communication by Ms. Ploch, which was a blatant attempt to prejudice the administration of justice by submitting documents outside the record to induce a public official to alter a ruling in a matter pending before him.

1.4 At the October 17, 2007 hearing, Judge Robison changed his mind for no apparent reason, as the facts discussed at the September 10,2007 hearing had not changed. The only difference was the exparte communications with Judge Robison by Ms. Ploch which was intended to persuade him to change his mind on the issue of excluding the Frost National Bank records based on the fruit of the poisonous tree doctrine mentioned by him on September 10, 2007.

1.5 Respondent opines that Judge Robison should be recused from further presiding over the instant action due to the improper exparte contact by Ms. Ploch, which appears to have some involvement therein by Petitioner's attorneys. Otherwise, Ms. Ploch would not have known about the September 10, 2007 announcements of the Court and the rescheduled hearing for October 17, 2007, as well as have possession of certain other

knowledge. Respondent opines that Judge Robison should be recused pursuant to Rule 18b(2), in that his impartiality might be reasonably be questioned; that he has personal knowledge of disputed evidentiary facts concerning the proceeding; that he and possibly members of his staff will be a witness on this matter herein or other proceedings as to the exparte contact by Ms. Ploch; and that the Clerk at the Supreme Court stated that Judge Robison was appointed to this action by mistake and that the only case he was to be appointed to was the one tried to him in March of 2005, cause No. 2004-56561.

WHEREFORE, PREMISES CONSIDERED, Respondent respectfully request that the Court Enter an Order recusing Judge Robison from presiding further over the instant action, that the Supreme court be notified by the District Clerk of Harris County, Texas to appoint another Judge to preside over the instant action, together with such other and further relief, whether at law or in equity to which Respondent may be justly entitled.

Respectfully submitted,

George R. Neely
540 Heights Boulevard
Houston, Texas 77007
1925 FM 723
Rosenberg, Texas 77471
(713) 521-9666 - Telephone
(713) 522-9669 - Telecopier

RESPONDENT

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the above and foregoing Motion To Recuse has been delivered to all counsel of record in accordance with the Texas Rules of Civil Procedure either by hand delivery, certified mail, return receipt requested, United States Postal Service, or by telephonic transfer document on this 17 day of December, 2007.

George R. Neely