IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| COMMISSION FOR LAWYER DISCIPLINE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-08-0569 |
| | § | |
| GEORGE R. NEELY, | § | |
| | § | |
| Defendant. | § | |

**OPPOSITION TO MOTION TO TRANSFER AND CONSOLIDATE**

Plaintiff the Commission for Lawyer Discipline (the "CLD"), subject to and without waiving its Motion to Remand,[1] files this Opposition to George R. Neely's Motion to Transfer and Consolidate (the "Motion") [Docket No. 4] and respectfully requests that this Court deny the Motion.

**ARGUMENT AND AUTHORITIES**

This Action is a State Bar disciplinary proceeding pending against George R. Neely ("Neely") in the 164th Judicial District Court of Harris County, Texas, captioned *Commission for Lawyer Discipline v. Neely*, Case No. 2003-63182 (164th Dist. Ct., Harris County, Tex. filed Nov. 17, 2003) (the "Disciplinary Action"). Neely's removal of this Action was predicated on a purported federal question raised in Neely's own First Amended Original Answer, filed in the Disciplinary Action on June 18, 2004. As demonstrated in the CLD's Motion to Remand, such removal was improper because removal jurisdiction must be predicated on the basis of a "well-

---

[1] The CLD filed a Motion to Remand and Brief in Support and Motion for Costs and Attorneys' Fees under 28 U.S.C. § 1447(c) on March 13, 2008, prior to filing this Opposition.

pleaded" complaint, not an answer purporting to raise a federal question.[2] *See*, *e.g.*, *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908) (a case "arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution."); *Metro Ford Truck Sales, Inc. v. Ford Motor Co.*, 145 F.3d 320, 326-27 (5th Cir. 1998) (removal jurisdiction under 28 U.S.C. § 1441 must rest upon the plaintiff's complaint at the time of removal).

> The Fifth Circuit has explained the well-pleaded complaint rule as follows:
>
> Th[e] rule requires the court to determine federal jurisdiction from only those allegations necessary to state a claim or, stated alternatively, a federal court *does not have jurisdiction over a state law claim because of a defense that raises a federal issue*, even if the plaintiff anticipates and pleads the federal issue in his complaint.

*Willy v. Coastal Corp.*, 855 F.2d 1160, 1165 (5th Cir. 1988) (emphasis added). *Accord Mottley*, 211 U.S. at 152 ("It is not enough that the plaintiff alleges some anticipated defense to his cause of action, and asserts that the defense is invalidated by some provision of the Constitution of the United States.").

Accordingly, this Action should be remanded to the state court and Neely's request to consolidate this Action with another matter pending in federal court is moot.

Moreover, a Motion to Dismiss is pending in the action with which Neely seeks to consolidation this Action that may dispose of all matters asserted therein. Neely seeks to consolidate this Action with an original action he filed on December 26, 2007, styled *Neely v. State Bar of Texas*, Case No. H-07-4517 (S.D. Tex. filed Dec. 26, 2007), in the United States District Court for the Southern District of Texas, asserting the same constitutional claims Neely

---

[2] The CLD adopts and incorporates herein the arguments presented in its Motion to Remand filed March 13, 2008.

has asserted in defense of the Disciplinary Action. The defendants in that action, including the CLD, filed a Motion to Dismiss on January 22, 2008, asserting, among other things, that the Court should dismiss under the *Younger* abstention doctrine.[3]  Briefing on the Motion to Dismiss closed on March 7, 2008, and the CLD expects an expeditious ruling from the Court.

## CONCLUSION

Subject to and without waiving its Motion to Remand, the CLD respectfully requests that this Court deny Neely's Motion to Transfer and Consolidate.

Dated: March 13, 2008.

---

[3] The United States Supreme Court in *Younger v. Harris*, 401 U.S. 37 (1971), recognized the "longstanding public policy against federal court interference with state court proceedings," *id.* at 43-44, holding that the alleged unconstitutionality of a statute "does not in itself justify an injunction against good-faith attempts to enforce it" in a state court. *Id.* at 54. The Motion to Dismiss further argued that the Fifth Circuit has recognized that the "state has an obvious and compelling interest in regulating the practice of law and controlling unethical activities by the practitioners admitted to its bar." *Hensler v. Dist. Four Grievance Comm. of State Bar of Texas*, 790 F.2d 390, 392 (5th Cir. 1986). Accordingly, the *Hensler* court affirmed the dismissal of an action brought to enjoin a grievance committee investigation, under the *Younger* abstention doctrine. *Id.* at 391-92; *see also Wightman v. Texas Supreme Court*, 84 F.3d 188, 189-91 (5th Cir. 1996).

Respectfully submitted,

 */s/ Charles W. Schwartz*
Charles W. Schwartz
State Bar No. 17861300
SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
1000 Louisiana, Suite 6800
Houston, TX 77002
Telephone No.: 713-655-5160
Facsimile No.: 888-329-2286

OF COUNSEL:
Kelley M. Keller
State Bar No. 11198240
SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
1000 Louisiana, Suite 6800
Houston, TX 77002
Telephone No.: 713-655-5155
Facsimile No.: 888-329-2116

**ATTORNEYS FOR PLAINTIFF
COMMISSION FOR LAWYER DISCIPLINE**

## CERTIFICATE OF SERVICE

I hereby certify that on March 13, 2008, I electronically filed the foregoing document with the Clerk of Court for the U.S. District Court, Southern District of Texas, using the electronic case filing system of the Court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means. All others were served a copy via U.S. mail postage prepaid:

   George R. Neely    *by facsimile*
   540 Heights Boulevard
   Houston, TX 77007
   *-- and --*
   1925 FM 723
   Rosenberg, TX 77471

      */s/ Charles W. Schwartz*
      Charles W. Schwartz