UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| COMMISSION FOR LAWYER DISCIPLINE, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-8-569 |
| | § | |
| GEORGE R. NEELY, | § | |
| | § | |
| *Defendant*. | § | |

### MEMORANDUM & ORDER

Pending before the court is the plaintiff's motion for remand. Dkt. 6. Upon consideration of the motion, the response, the record, and the applicable law, the motion is GRANTED.

### BACKGROUND

On November 17, 2003, the Commission for Lawyer Discipline ("CLD") brought a disciplinary action against George Neely in state court pursuant to § 81.001 *et seq.* of the Texas Government Code for allegedly failing to segregate his funds from his clients' funds. Neely answered the petition in June of 2004 and counter-claimed for violations under the federal Right to Financial Privacy Act, 12 U.S.C. § 3401 *et seq.* Over four years later, Neely removed the case to this court. CLD now moves for remand.

### ANALYSIS

This case must be remanded for three reasons. First, Neely's removal is not timely. Neely predicates federal jurisdiction on the presence of his claims arising under 42 U.S.C. § 1983 and 12 U.S.C. § 3401 *et seq.* Section 1446 governs the procedure for removal and reads in relevant part:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the

> initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b).  CLD's first amended petition contains no federal claims upon which federal jurisdiction may be predicated.  Dkt. 3 at 11.  However, even assuming for the sake of argument that it did, the first amended petition was filed on August 20, 2007.  Neely removed the case to this court on February 20, 2008—well past the 30 day mark.  Neely has identified no other "amended pleading, motion, order or other paper" filed by CLD that would trigger removal.  Therefore, removal is untimely under § 1446(b).

Second, Neely's removal is improper because the federal question jurisdiction may not be predicated upon the defendant's answer.  In his notice of removal, Neely claims federal jurisdiction because CLD allegedly violated his Fourth Amendment right to be free from search and seizure, and his Fourteenth Amendment right to equal protection and due process.  Additionally, Neely claims that CLD allegedly illegally acquired his bank records in violation of the Right to Financial Privacy Act, 12 U.S.C. § 3401 *et seq.*  However, it is axiomatic that "a defendant may not generally remove a case to federal court unless the *plaintiff's* complaint establishes that the case 'arise under' federal law."  *Aetna Health, Inc. v. Davila,* 542 U.S. 200, 207, 124 S. Ct. 2488 (2004) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 10, 103 S. Ct. 2841 (1983) (internal quotation marks omitted, and emphasis in original)).

Last, although Neely also points to 28 U.S.C. § 1443 for jurisdiction, his claims are not eligible for that exception. Section 1443 provides that:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> > (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof.

28 U.S.C. § 1443(1). However, in order to be eligible for the exception provided under § 1443, the rights to be vindicated must "arise from legislation providing for specific civil rights in terms of racial equality." *Sunflower County Colored Baptist Ass'n v. Trs. of Indionola Mun. Separate Sch. Dist.*, 369 F.2d 795, 796 (5th Cir. 1966). Additionally, Neely must demonstrate that he "is denied or cannot enforce the specified federal rights in the state courts due to some formal expression of state law." *Texas v. Gulf Water Benefaction Co.*, 679 F.2d 85, 86 (5th Cir. 1982) (citing *Johnson v. Mississippi*, 421 U.S. 213, 219, 95 S. Ct. 1591(1975)). None of Neely's claims can be so described. Even if *arguendo* the motives of the CLD were corrupt or there were the possibility of an unfair trial in state court, that would still not be sufficient to support removal. *City of Greenwood v. Peacock*, 384 U.S. 808, 827-28, 86 S. Ct. 1800 (1966). Therefore, he may not avail himself of the federal forum pursuant to 28 U.S.C. § 1443.

## CONCLUSION

Pending before the court is CLD's motion to remand. CLD's motion is well-taken because (1) Neely's removal is untimely under 28 U.S.C. § 1446(b); (2) Neely may not establish federal jurisdiction based on federal questions raised in his answer; and (3) Neely does not qualify for the exception under 28 U.S.C. § 1443. Accordingly, CLD's motion to remand is GRANTED, and this

3

case is REMANDED to the 164th Judicial District Court of Harris County, Texas.

It is so ORDERED.

Signed at Houston, Texas on April 3, 2008.

_____
Gray H. Miller
United States District Judge